UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | : | |
|---|---|---|
| BRUCE A. WOLFFING, Private Attorney General, and MARY R. WOLFFING, Private Attorney General, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | Docket No. 1:12-cv-000189 (jgm) |
| KEVIN M. MCLAUGHLIN, in his Official and Private Capacity, CHITTENDEN COUNTY SHERIFF'S DEPARTMENT, and DOES 1-20, | : : : : | |
| Defendants. | : : | |

**MEMORANDUM AND ORDER**
(Doc. 6)

I.  Introduction

Sheriff Kevin M. McLaughlin and the Chittenden County Sheriff's Department ("the Department") have moved to dismiss the claims against them for lack of subject-matter jurisdiction. (Doc. 6 at 1.)  Because a state-court foreclosure proceeding caused Bruce A. Wolffing and Mary R. Wolffing's ("the Plaintiffs") injuries, Sheriff McLaughlin and the Department claim this Court is unable to exercise jurisdiction under the Rooker-Feldman doctrine. Id. at 4-6.  Proceeding pro-se, the Plaintiffs have filed an opposition. (Doc. 7).  Sheriff McLaughlin and the Department have filed a reply memorandum.  (Doc. 8.)  In addition to their claims against these two defendants, the Plaintiffs also have asserted claims against several unnamed debt collectors.  (Doc. 1 at 33-34.)  For the following reasons, Sheriff McLaughlin and the Department's motion to dismiss is GRANTED. The Plaintiffs' remaining claims against the debt collector defendants also are DISMISSED.

II.       Factual Background

The Plaintiffs assert various civil rights claims under 42 U.S.C. §§ 1983, 1985, and 1986, as well as violations of the Fair Debt Collection Practices Act ("FDCPA") and common law tort claims. Id. at 2, 43, 47-48. These claims arise from a foreclosure action in Vermont Superior Court against the Plaintiffs' property in Hinesburg, Vermont. Id. at 6. The claims also address a related proceeding in the United States Bankruptcy Court for the District of Vermont. Id. at 32-33.

In support of their motion to dismiss, Sheriff Kevin M. McLaughlin and the Chittenden County Sheriff's Department have submitted orders from both the state and bankruptcy court proceedings. (Docs. 6-1, 6-2, 6-3, 8-1, 8-2.) The orders – one of which is actually a stipulation – clarify the course of the litigation underlying this action. In deciding this motion to dismiss for lack of subject-matter jurisdiction, the Court has supplemented the Plaintiffs' allegations with the orders. E.g. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("a district court . . . may refer to evidence outside the pleadings" to resolve 12(b)(1) motion). The Court has likewise relied on court records attached to the Plaintiffs' Complaint and pleadings. (Docs. 1-1, 7-5.)

The Plaintiffs allege the mortgagee in the state foreclosure action, Household Finance Corporation II ("Household Bank"), lacked a legal interest in the mortgage note. (Doc. 1 at 23-24.) The Plaintiffs dedicate much of the Complaint to challenging Household Bank's interest in the note, asserting, inter alia, that it: (1) lacked a valid assignment of the note, (2) prepared false legal documents to suggest otherwise, and (3) fraudulently concealed the note's actual chain of title. Id. at 12, 25-26, 34-35. In a summary judgment decision issued in July 2010, a state judge rejected a similar challenge by the Plaintiffs to Household Bank's capacity to foreclose. (Doc. 8-1 at 18-22.) The decision instead ruled that Household Bank could enforce the mortgage, as it had established it held a properly endorsed note. Id. The Plaintiffs and Household Bank stipulated to a decree of

strict foreclosure later in 2010. (Doc. 8-2 at 1.) The state court subsequently entered a judgment and decree of strict foreclosure in August 2011, which required the Plaintiffs to exercise their equitable redemption rights by March 2012. (Doc. 6-1 at 5.)

The Plaintiffs filed an adversary proceeding in bankruptcy court in early 2012. See Doc. 6-2 at 1. A July 18, 2012 order from that proceeding declared that the automatic stay did not bar "the state court from determining whether [the Plaintiffs] failed to redeem the property by the redemption deadline, or issuing a Writ of Possession to [Household Bank] in the pending state court foreclosure action." (Doc. 6-3 at 1.) The Plaintiffs filed a notice of appeal later in July and moved the bankruptcy court to stay its order pending appeal on August 6, 2012. (Doc. 6-2 at 1.) Relying on the bankruptcy order, a state judge granted Household Bank's request for a writ of possession on August 9, 2012. (Doc. 1-1 at 2.) The judge's order noted that the Plaintiffs had "not appealed" the bankruptcy order. Id. A writ of possession issued on August 10, 2012. Id. at 3.

The Plaintiffs filed this action on August 20, 2012, as the Department prepared to serve a writ of possession on their property. (Doc. 1 at 4.) In their pleadings, Sheriff McLaughlin and the Department state, without evidentiary support, that a deputy sheriff served the writ of possession that same day. (Doc. 6 at 2 n.1.) On September 7, 2012, the bankruptcy court denied the Plaintiffs' request for a stay of its July 2012 order, which permitted the writ to issue. (Doc. 6-2 at 2-3.) At the time the deputy sheriff served it, the Plaintiffs' request appears to have been pending. (Doc. 6 at 2 n.1.) By the terms of the writ of possession, "any Sheriff or Constable in [Vermont] . . . [is] commanded to immediately serve this Writ of Possession and Judgment and Decree of Foreclosure and Certificate of Non-Redemption on the present occupants of the premises, and . . . to cause [Household Bank] to have possession of said premises." (Doc. 7-5 at 2-3.)

III.     Discussion

    A.     Standard of Review

Sheriff McLaughlin and the Department have moved to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  (Doc. 6 at 1.)  A court deciding such a motion must accept as true all material factual allegations in the complaint.  Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).  Because jurisdiction must be shown affirmatively, however, a court should not draw inferences in the plaintiff's favor.  Id.  A plaintiff asserting subject-matter jurisdiction bears the burden of proving its existence by a preponderance of the evidence.  Makarova, 201 F.3d at 113.

While Sheriff McLaughlin and the Department have only moved to dismiss for lack of subject-matter jurisdiction, this decision also addresses whether issue preclusion bars the Plaintiffs' claims against the debt collector defendants.  A district court may raise this affirmative defense sua sponte.  Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998).  At this stage in the litigation, a district court should limit its review to "the face of the complaint, and matters of which the court may take judicial notice," including documents from state-court proceedings.  See Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86-87 (2d Cir. 2000).  A pro se complaint is "liberally construed" and, "however inartfully pleaded . . . held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted).  If "a liberal reading of the complaint gives any indication that a valid claim might be stated," a court should not dismiss it without granting leave to amend at least once.  Couco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotations omitted).  However, if a substantive problem renders a complaint incurable, a court need not grant leave to amend.  Id.

B.  Rooker-Feldman Doctrine

The Rooker-Feldman doctrine "establishe[s] the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005). While the Supreme Court may assert appellate jurisdiction over some state-court judgments, the lower federal courts lack statutory authority to do so. Id. at 83-84. A federal court must abstain under Rooker-Feldman where: "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." McKithen v. Brown, 626 F.3d 143, 154 (2d Cir. 2010). The first and fourth requirements are the "procedural requirements;" the second and third are the "substantive requirements." Hoblock, 422 F.3d at 85.

Sheriff McLaughlin and the Department contend the Rooker-Feldman doctrine deprives this Court of jurisdiction because the Complaint seeks redress for injuries caused by the state foreclosure proceedings. (Doc. 6 at 4.) By establishing that the Plaintiffs lost in state court before they commenced this action, Sheriff McLaughlin and the Department have satisfied Rooker-Feldman's procedural requirements. (Doc. 1 at 4; Doc. 1-1 at 3; Doc. 6-1 at 4.) The Plaintiffs have not argued otherwise. (Doc. 7-2 at 7.) Rather, the Plaintiffs respond that they have not had an opportunity to litigate the issues raised in the Complaint, making Rooker-Feldman inapplicable. Id. As undecided issues, the Plaintiffs identify the constitutionality of the state-court judgment and the service of the writ of possession with the bankruptcy matter still pending. See id. at 6, 10-11.

The applicability of Rooker-Feldman to this action turns on its substantive requirements, which ask whether a federal suit seeks review and rejection of an injury-causing state-court judgment. Hoblock, 422 F.3d at 88-89. Interpreting case law that predates Exxon Mobil

5

Corporation v. Saudi Basic Industries Corporation, 544 U.S. 280 (2005), the Plaintiffs have formulated this inquiry incorrectly.  (Doc. 7-2 at 7-10.)  The Plaintiffs contend Rooker-Feldman asks whether they had an opportunity to litigate the issues raised in the Complaint during the state proceedings.  Id.  This formulation would render Rooker-Feldman "coextensive" with claim or issue preclusion, an approach the Second Circuit previously followed.  See, e.g., Moccio v. New York State Office of Court Admin., 95 F.3d 195, 199-200 (2d Cir. 1996).  In Exxon Mobil, however, the Supreme Court made it clear Rooker-Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp., 544 U.S. at 284.  Based on this holding, the Second Circuit no longer applies preclusion principles and instead examines the substantive and procedural requirements outlined above.  Hoblock, 422 F.3d at 85.

   When applying the substantive requirements, the Second Circuit has focused on the "causal relationship between the state-court judgment and the injury of which the party complains in federal court."  McKithen v. Brown, 481 F.3d 89, 98 (2d Cir. 2007) ("McKithen I").  The Plaintiffs assert procedural due process and FDCPA claims, as well as a common law fraud claim, based on the anticipated service of the writ of possession.  These claims allege Household Bank lacks a legal interest in the Plaintiffs' property, rendering service of the writ unlawful.  The writ also violates the warrant clause of the Fourth Amendment, according to the Plaintiffs, because it is not signed under oath by a person with first-hand knowledge of the mortgage note's chain of title.  (Doc. 1 at 4-6.)  Relying on these allegations, the Plaintiffs seek an order: (1) reversing the Defendants' actions to foreclose on the property, (2) "compelling the Defendants to give up any current attempt to take possession and occupancy of [it]," and (3) declaring the Plaintiffs, not Household Bank, its lawful

owners.  (Doc. 1 at 60-61.)  The Plaintiffs also seek compensatory and punitive damages, but only if evicted from their property.  Id. at 4, 62.

It is clear from the Plaintiffs' allegations and prayers for relief that they seek redress for injuries caused by the state foreclosure proceedings.  The state court addressed and rejected the principal allegation in the Complaint: that Household Bank lacks a legal interest in the mortgage note.  (Doc. 8-1 at 18-22.)  The court instead ruled that Household Bank "holds the note and the mortgage deed, and thus is entitled to enforce the mortgage," entered a decree of foreclosure against the property, and subsequently issued a writ of possession.  Id. at 22.  To the extent the Plaintiffs seek redress for injuries caused by the service of that writ, the state-court judgment produced them.  A ruling reversing the foreclosure would require this Court to reject the state court's conclusion that Household Bank held an interest in the property.  The Rooker-Feldman doctrine bars this Court from asserting jurisdiction over such claims.  See Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 167-68 (E.D.N.Y. 2010), aff'd, 446 F. App'x 360 (2d Cir. 2011) (Rooker-Feldman barred civil rights and fraud lawsuit because plaintiff sought to undermine state-court foreclosure judgment).

The bankruptcy appeal adds a wrinkle.  The Plaintiffs contend the anticipated service of the writ of possession, with the appeal still pending, would violate their due process rights.  (Doc. 1 at 11-12, 32-33, 48.)  Before the state court issued the writ, the Plaintiffs moved the bankruptcy court to stay its order declaring the automatic stay inapplicable to the foreclosure proceedings.  Sheriff McLaughlin and the Department have alleged in their pleadings that they served the writ before the bankruptcy court issued a second order declining to stay its first order pending appeal.  This Court need not decide whether the state court should have waited for the second order before issuing the writ.  Once it issued, Sheriff McLaughlin and the Department were commanded, by its terms, to serve it immediately.  Doc. 7-5 at 3.  See also 24 V.S.A. § 293 ("[a] sheriff . . . shall serve and execute

lawful writs, warrants and processes directed to him"). The issuance of the writ by the state court produced any due process violation the Plaintiffs may have suffered. A federal plaintiff cannot "avoid Rooker-Feldman simply by clever pleading–by alleging that actions taken pursuant to a court order violate his rights without ever challenging the court order itself." Hoblock, 422 F.3d at 88. The Rooker-Feldman doctrine bars the Plaintiffs' claims against Sheriff McLaughlin and the Department.

   C.  Unnamed Debt Collectors

In addition to their claims against Sheriff McLaughlin and the Department, the Plaintiffs also assert FDCPA claims against several unnamed debt collectors. (Doc. 1 at 33-34.) The Plaintiffs contend these debt collectors misrepresented Household Bank's interest in the mortgage note and threatened to foreclosure without standing. Id. at 34, 41-42. The Plaintiffs assert the debt collectors' identities have been concealed and intend to amend the Complaint upon discovering them. The Plaintiffs appear to complain of misrepresentations made before the state foreclosure proceedings, not ones caused by the proceedings. See id. For Rooker-Feldman purposes, "a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed prior in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." McKithen I, 481 F.3d at 98. The doctrine is therefore inapplicable to the Plaintiffs' claims against the debt collector defendants.

  The defense of issue preclusion, i.e. collateral estoppel, nevertheless bars the Plaintiffs from litigating claims based on Household Bank's interest in the mortgage note. Because the preclusive effect of a Vermont state judgment is in question, Vermont preclusion law applies under the Full Faith and Credit Act, 28 U.S.C. § 1738. Hoblock, 422 F.3d at 93. An issue is precluded under Vermont law where: "(1) preclusion is asserted against one who was a party or in privity with a party

in the earlier action; (2) the issue was resolved by a final judgment on the merits; (3) the issue is the same as the one raised in the later action; (4) there was a full and fair opportunity to litigate the issue in the earlier action; and (5) applying preclusion in the later action is fair." Trepanier v. Getting Organized, Inc., 155 Vt. 259, 265 (1990).  The defense serves to "protect the courts and the parties against the burden of relitigation, encourage reliance on judicial decisions, prevent vexatious litigation and decrease the chances of inconsistent adjudication." Stevens v. Stearns, 175 Vt. 428, 433 (2003) (internal quotations omitted).

The Plaintiffs unsuccessfully challenged Household Bank's legal interest in the mortgage note during the state foreclosure proceedings. (Doc. 8-1 at 18-22.) In granting summary judgment against them, the state court ruled Household Bank held an enforceable interest. Id.  The parties subsequently stipulated to a decree of foreclosure, which specifically stated Household Bank "is entitled to a judgment and decree of foreclosure with respect [t]o the [property]," and the state court entered judgment against the Plaintiffs. (Doc. 6-1 at 5; Doc. 8-2 at 2-3.) Yet the Plaintiffs have premised the FDCPA claims now before this Court on misrepresentations debt collectors made regarding Household Bank's interest in the note. For the Plaintiffs to prevail on these claims, this Court must find Household Bank lacked an interest in the note. Both the summary judgment ruling by the state court, as well as the stipulated foreclosure decree, resolved this issue against the Plaintiffs. The first three requirements for issue preclusion are therefore satisfied.

The Court is also unable to identify any basis for concluding the Plaintiffs did not have a full and fair opportunity to litigate Household Bank's interest in state court. Nor would applying preclusion be unfair. The Plaintiffs challenged Household Bank's interest in the note, the state court rejected their arguments in a summary judgment decision, and they ultimately stipulated to a decree of foreclosure. Applying preclusion here does not "deprive [the Plaintiffs] of an adequate day in

court." Berlin Convalescence Ctr., Inc. v. Stoneman, 159 Vt. 53, 60 (1992) (quoting Restatement (Second) of Judgments § 27 cmt. c (1982)). Rather, it "prevent[s] repetitious litigation of what is essentially the same dispute." Id. Issue preclusion bars the Plaintiffs' claims against the debt collector defendants. These claims are DISMISSED.

### D. Leave to Amend

Through their claims in this action, the Plaintiffs attempt to make an end-run around the foreclosure proceedings in state court. Together, two well-established doctrines, Rooker-Feldman and issue preclusion, bar their claims. The Court is mindful it "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco, 222 F.3d at 112 (internal quotations omitted). Having carefully reviewed the Complaint, however, the Court is unable to discern a claim that falls outside Rooker-Feldman or issue preclusion. The problem with the Plaintiffs' claims is "substantive; better pleading will not cure it." Id. The Court declines to permit the Plaintiffs leave to amend the Complaint. The dismissal of this action is with prejudice.

## IV. Conclusion

Sheriff Kevin M. McLaughlin and the Chittenden County Sheriff's Department's motion to dismiss is GRANTED. (Doc. 6.) The Plaintiffs' claims against the debt collector defendants are DISMISSED sua sponte. Leave to amend is DENIED. The action is DISMISSED WITH PREJUDICE in its entirety.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 19th day of April, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge